**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Respondent, ) <br> ) <br> v. ) <br> ) <br> ERIK SHAMSUD-DIN, ) <br> ) <br> Petitioner. ) | Case No. 14 C 10415 |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On December 24, 2014, pro se Petitioner Erik Shamsud-Din filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After the Court granted the government an extension of time to file its response, the government filed a timely response to Petitioner's § 2255 motion on February 10, 2015, and thereafter, Petitioner filed his reply on March 6, 2015. For the following reasons, the Court denies pro se Petitioner's § 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**PROCEDURAL BACKGROUND**

On March 13, 2013, Petitioner was charged in a two-count superseding information for knowingly transporting an individual in interstate commerce with the intent that the individual engage in prostitution in violation of 18 U.S.C. § 2421. On May 13, 2013, Petitioner pleaded guilty to both counts of the superseding information pursuant to a written plea agreement. On August 27, 2013, the Court sentenced Petitioner to a total of 180 months in prison, and on September 6, 2013, Petitioner filed a notice of appeal.

On appeal, Petitioner argued that he should not have received a two-level "vulnerable victim" enhancement under U.S.S.G. § 3A1.1(b)(1), as well as an additional two-level enhancement for the use of a computer during the offense pursuant to U.S.S.G. § 2B1.3(b)(3). On September 15, 2014, the United States Court of Appeals for the Seventh Circuit affirmed, concluding that the imposition of the "vulnerable victim" enhancement under U.S.S.G. § 3A1.1(b)(1) was warranted and that any error in the imposition of the enhancement under U.S.S.G. § 2B1.3(b)(3) was harmless. *See United States v. Shamsud-Din,* 580 Fed. Appx. 468 (7th Cir. 2014) (unpublished). Petitioner then filed the present motion pursuant to § 2255 on December 24, 2014. Construing his pro se § 2255 motion liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), Petitioner maintains that his trial and appellate counsel were constitutionally ineffective for failing to challenge the Court's decision to sentence him to consecutive sentences of 90 months on each count of the superseding information.

**FACTUAL BACKGROUND**

Petitioner pleaded guilty to both counts in the superseding information pursuant to a written plea agreement, which was the result of negotiations between the parties to resolve the charges in the Northern District of Illinois along with similar interstate prostitution charges against Petitioner in the United States District Court of Oregon. In his written plea agreement, Petitioner stipulated to the offense of knowingly transporting a minor in interstate commerce with the intent that the minor engage in prostitution in violation of 18 U.S.C. § 2423(a). Also, the written plea agreement unequivocally stated that the maximum sentence for each count of the superseding information is ten years in prison for a total maximum sentence of twenty years. Petitioner signed his written plea agreement acknowledging that he had read the plea agreement,

2

carefully reviewed each provision with his attorney, and understood and voluntarily accepted each and every term and condition of the agreement.

After Petitioner pleaded guilty on May 13, 2013, the Court held a sentencing hearing on August 21, 2013. During the sentencing hearing, the Court heard evidence, including the testimony of the vulnerable victims of Petitioner's crimes, and ruled on the parties' objections to the advisory guideline calculations and the presentence investigation report. Specifically, the Court determined that Petitioner's offense level was 31 with a criminal history category of II. Petitioner's corresponding guideline range was therefore 135 months to 168 months in prison. After hearing the parties' arguments, the Court sentenced Petitioner to 180 months for each count to run concurrently. Prior to advising Petitioner of his appellate rights, the Court explained that even if it had incorrectly calculated the guidelines, the Court would not change the sentence based on the 18 U.S.C. § 3553(a) factors.

Also at the sentencing hearing, the Court noted that Petitioner's criminal history reflected that he was a repeat sex offender against minors and was undeterred in targeting minors even after serving a prior 112 month prison sentence for similar conduct. In addition, the Court pointed out Petitioner's defiant conduct in the courtroom, including his yelling and disruptive behavior. Petitioner's conduct revealed his disrespect for the law and any kind of authority.

On August 27, 2013, prior to entering judgment, the Court held a status hearing informing the parties that because of the ten year statutory maximum on each count, Petitioner's sentence would consist of two consecutive 90 month sentences. The government had no objection to the sentence and defense counsel stated that Federal Rule of Criminal Procedure 35 gave the Court the authority to make this change.

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). In other words, under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). Accordingly, a § 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under 2255 "will not be allowed to do service for an appeal"). Nevertheless, because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Flores,* 739 F.3d 337, 341 (7th Cir. 2014).

## ANALYSIS

**I.**  **Ineffective Assistance of Trial Counsel**

In his § 2255 motion, Petitioner brings an ineffective assistance of trial counsel claim based on counsel's failure to challenge the Court's decision to sentence him to consecutive sentences of 90 months on each count of the superseding information. To establish constitutionally ineffective assistance of trial counsel, Petitioner must show that (1) his trial

4

attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead trial counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 693). If Petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

In his § 2255 motion, Petitioner explains that his sentence for a total of 180 months is illegal and that the Court should have sentenced him to 120 months on each count to be served concurrently due to the statutory maximum of 120 months on each count. Based on this "illegal" sentence, Petitioner argues that his trial counsel was constitutionally ineffective for failing to object to his sentence of 90 months on each count to run consecutively.

Petitioner pleaded guilty to two counts of knowingly transporting an individual in interstate commerce with the intent that the individual engage in prostitution in violation of 18 U.S.C. § 2421, and acknowledged that the statutory maximum for each count is ten years (120

5

months) for a total maximum sentence of twenty years (240 months). (10 CR 927, R. 206, Written Plea Agmt., at 6-7.) The Court sentenced Petitioner below the statutory maximum for each count, namely, 90 months, or seven and a half years, to run consecutively. As such, despite Petitioner's argument to the contrary, his sentence was not "illegal." *See United States v. Garcia,* 754 F.3d 460, 473 (7th Cir. 2014) ("The imposition of consecutive sentences on separate counts of conviction does not have the effect of pushing a sentence on any one count above the statutory maximum for a single count of conviction.").

Indeed, the "federal sentencing guidelines direct the judge, when there are multiple counts of conviction, to impose maximum and consecutive sentences to the extent necessary to make the total punishment equal in severity to what the guidelines would require were it not for the statutory maxima." *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003) (citing U.S.S.G. § 5G1.2(d)); *see also United States v. Craig,* 703 F.3d 1001, 1002 (7th Cir. 2012) (per curiam) ("the guidelines tell the judge to sentence consecutively when necessary to bring the total sentence into the guidelines range, even though the sentence would exceed the statutory maximum sentence for any count of which the defendant was convicted"). In addition, the Court did not err in correcting Petitioner's sentence on August 27, 2013, from 180 months on each count to run concurrently to 90 months on each count consecutively, because Federal Rule of Criminal Procedure 35 gives the Court authority to modify a sentence if the original sentence "resulted from arithmetical, technical, or other clear error." *United States v. Townsend,* 762 F.3d 641, 645 (7th Cir. 2014).

Accordingly, trial counsel was not constitutionally ineffective for failing to raise a meritless claim. *See Warren v. Baenen,* 712 F.3d 1090, 1104 (7th Cir. 2013); *see also Peterson*

6

*v. Douma,* 751 F.3d 524, 533 (7th Cir. 2014) (Sixth Amendment does not require counsel to make meritless arguments, and "it is always good strategy to avoid wasting time or the court's attention with claims that are going nowhere."). Therefore, Petitioner's first claim in his § 2255 motion is without merit.

## II.     Ineffective Assistance of Appellate Counsel

Petitioner also brings an ineffective assistance of appellate counsel claim based on appellate counsel's failure to raise this same alleged error on appeal. As with ineffective assistance of trial counsel claims, courts apply the two-prong test set forth in *Strickland* to evaluate the effectiveness of appellate counsel. *See Warren,* 712 F.3d at 1105. Under the *Strickland* performance prong, an appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims counsel raised on appeal. *See Blake,* 723 F.3d at 888; *Johnson v. Thurmer,* 624 F.3d 786, 793 (7th Cir. 2010). In this context, appellate counsel need not raise every non-frivolous claim, but should select among claims to maximize the likelihood of success on appeal. *See Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). To establish the *Strickland* prejudice prong, Petitioner must show that there is a reasonable probability that the issue appellate counsel did not raise would have changed the outcome of his appeal. *See Richardson v. Lemke,* 745 F.3d 258, 273 (7th Cir. 2014).

Again, Petitioner's argument that his sentence was illegal due to the Court imposing consecutive 90 months sentences for each violation of 18 U.S.C. § 2421 is without merit. *See Ashburn v. Korte,* 761 F.3d 741, 751 (7th Cir. 2014) ("Without a meritorious [ ] claim," a petitioner "cannot possible demonstrate that he was prejudiced by his appellate counsel's failure

7

to argue such a claim."). Thus, Petitioner's ineffective assistance of appellate counsel claim fails.

## III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *White v. United States,* 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Petitioner has not established that jurists of reason would debate that the Court should have resolved his ineffective assistance of counsel claims in a different manner, especially in light of the strong presumption that counsel's performance falls within the wide range of

8

reasonable professional assistance.  *See Johnson,* 624 F.3d at 792 ("It is well established that [the court's] scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient.").  Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:**  March 11, 2015

                              **ENTERED**

                              _____
                              **AMY J. ST. EVE**
                              **United States District Court Judge**